| | |
|---|---|
| 1 | LAW OFFICES OF JOHN L. BURRIS |
| | JOHN L. BURRIS, Esq. (SBN 69888) |
| 2 | Airport Corporate Centre |
| 3 | 7677 Oakport Street, Suite 1120 |
| | Oakland, California 94621 |
| 4 | Telephone: (510) 839-5200 |
| | Facsimile: (510) 839-3882 |
| 5 | john.burris@johnburrislaw.com |

LAW OFFICES OF JOHN L. BURRIS
DeWITT M. LACY, Esq. (SBN 258789)
K. CHIKE ODIWE, Esq. (SBN 315109)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile: (510) 839-3882
dewitt.lacy@johnburrislaw.com
chike.odiwe@johnburrislaw.com

Attorneys for Plaintiff
F. XAYVIER SWENSEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| F. XAYVIER SWENSEN, an individual, | CASE NO.: 2:20-cv-00095-DMG-SK |
| Plaintiffs, | |
| vs. | FIRST AMENDED COMPLAINT FOR DAMAGES |
| UNITED STATES OF AMERICA; and DOES 1-10, inclusive, individually and in their official capacity as police officers for the United States OF AMERICA, | 42 U.S.C. § 1983: Fourth Amendment
Cal. Civ. Code § 52.1
Pendent Tort Claims |
| Defendants. | JURY TRIAL DEMANDED |

Complaint for Damages –                    1

# INTRODUCTION

1. This civil rights case arises out the unjustified force that was used during the course of United States Veteran, F. Xayvier Swensen's unlawful arrest. On October 7, 2016, Mr. Swenson's rights were violated when he was assisting a person in crisis at the Department of Veterans Affairs Long Beach Healthcare System in the City of Long Beach ("VA"), California. Mr. Swenson was confronted by law enforcement for the VA, where he sustained physical and emotional injuries after officers denied, or otherwise ignored, Mr. Swenson's request for accommodations, which was well-documented by a physician and clearly necessary for his physical disabilities. When Mr. Swenson was forced to get out of his vehicle, officers refused to read documentation that outlined the specific accommodations required by his physical disabilities, which resulted in a deprivation of Mr. Swenson's rights. Mr. Swenson requires use of a wheelchair for his stability and mobility, yet during his encounter with the officers, he was denied access to his wheelchair that was folded in the bed of his truck. Mr. Swenson was deprived of his constitutional rights when he was denied assistance, forced out of his truck, and subjected to excessive force by the VA officers.

2. This action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and common law in connection with the excessive and unreasonable force used during Mr. Swenson's unlawful arrest.

# JURISDICTION AND VENUE

3. This action arises under Title 42 of the United States Code, § 1983. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. § 1983 and questions of federal constitutional law. The unlawful acts and practices alleged herein occurred in the City of Long Beach, County of Los Angeles, California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred within this district.

## PARTIES

5. Plaintiff F. XAYVIER SWENSEN (hereinafter "Plaintiff") has been and is a resident of the state of California and is a United States Citizen.

6. Defendant UNITED STATES OF AMERICA (hereinafter "Defendant United States has been and is the operator of the Department of Veteran Affairs.

6. (FNU) COOPER (hereinafter "Defendant Cooper"), was an officer for the United States Department of Veterans Affairs Police, and is sued individually and in his official capacity.

7. (FNU) CASTRO (hereinafter "Defendant Castro"), was an officer for the United States Department of Veterans Affairs Police, and is sued individually and in his official capacity.

8. Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 10, inclusive. Plaintiff will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges that DOES 1 through 10, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 10, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff is required to comply with the Federal Tort Claim Act requirement under United States law. The VA provides its own administrative process under the Federal Tort Claim Act ("FTCA") for filing claims against a VA employee. In order for an individual to file a claim against a VA employee, the VA requires that Standard Form 95, Claim for Damage, Injury, or Death ("SF-95"), be filed with the Office of General Counsel through the Chief Counsel located in the geographic area where the incident occurred. Although SF-95 is the preferred form to file a claim against a VA employee, it is not a mandatory requirement. Id. All that is required for presenting a claim to the VA

and to thereby satisfy the requirements of the FTCA, is that the claimant provides his signature, there is sufficient information so the agency can adequately investigate the allegation, and there is a sum certain demand. Plaintiffs filed a claim against the City of Bakersfield on August 7, 2019. Mr. Swenson sustained his injuries on October 7, 2016, at the VA in Long Beach. In accordance with the FTCA, Mr. Swenson timely filed his claim against the VA on September 10, 2018. Mr. Swenson completed SF-95 and submitted with it a fifteen-page attachment ("Attachment A") describing the factual circumstances of the incident and the nature of his claims, which included his property damage and personal injuries. The VA rendered the final denial of his claim on July 1, 2019, and thereafter served Plaintiff with notice. Plaintiff has exhausted all administrative remedies pursuant to the FTCA.

## GENERAL ALLEGATIONS

10. On October 7, 2016, Plaintiff was discharged from the Veteran Affairs in Long Beach, California. Plaintiff got into his truck and drove northbound on Magnolia Road. Plaintiff approached a stop sign on Channel Rhoda Magnolia. Suddenly, an officer approached Plaintiff's truck, slammed the side of it with his hand, and demanded that Plaintiff turn off the vehicle, and remove the key from the ignition. Plaintiff turned off the vehicle then informed the officer that he did not have the key readily available as the vehicle was equipped with a push start and the key was buried in his belongings. The officer then forcefully demanded that Plaintiff give him the keys. The officer then asked for Plaintiff's driver license and registration. Plaintiff informed the officer that his license and registration were in his items that he could not reach at the time due to his disability. He then asked the officer whether he saw his wheelchair in the back and recognized that he was disabled. The officer then asked Plaintiff his name, Plaintiff told the officer his name. The officer then demanded that Plaintiff produce his license. Plaintiff then exited the truck and went around to get his wheelchair. The officer then questioned where Plaintiff was going. Plaintiff informed the officer that he was going get his wheelchair. After Plaintiff could not find his license the officer then commanded him to do things physically that Plaintiff's disability prevented him from doing. The officer commanded Plaintiff to sit on the curb. Plaintiff explained to the officer that he could not sit on the

curb because of my multiple surgeries, including having his neck fused two months prior.  Plaintiff then gave the officer his drive license number.

11. The officer then told Plaintiff to sit on the curb. Plaintiff explained that he could not sit on the curb because of a previous hip replacement and a pending hip replacement.  The officer then pointed and instructed Plaintiff where to stand. Plaintiff stood where he was instructed to stand. Plaintiff repeatedly asked the officer what infraction he committed. Plaintiff then began to sway and felt that he would fall. Suddenly, without just cause, an officer grabbed Plaintiff's arm at the wrist and attempted to throw Plaintiff against his truck.  Defendant Castro then grabbed Plaintiff from the back and applied a guillotine chokehold and slammed Plaintiff against his truck.  Plaintiff screamed that he just had neck surgery.  Defendant Castro then tripped Plaintiff while he had his hand arm around Plaintiff's throat in a chokehold. Defendant Castro slammed Plaintiff's head into the ground. The impact knocked Plaintiff out. When Plaintiff woke up, he felt tremendous pain in his left hip. The officers were twisting Plaintiff's arms. Plaintiff pled with the officers to stop as they were hurting him.  Without cause, Defendant Castro then flipped Plaintiff over and put his knee on Plaintiff's throat, right on Plaintiff's surgical scar, crushing his windpipe. Defendant Castro then flipped Plaintiff over and repeated the same pressure from the back. Plaintiff informed the officers that he was having difficulty breathing. At this point Defendant Castro shoved Plaintiff's head into the concrete.  The concrete was extremely hot and Plaintiff could feel the heat, so he attempted to use his hands to prevent his face from touching the concrete. Defendant Castro started punching and kicking Plaintiff's lower extremities. Defendant Castro applied multiple chokeholds.

12. The officers picked Plaintiff up. Plaintiff told the officers that he needed his wheelchair. Defendant Castro then banged Plaintiff's head against his police car. Defendant Cooper assisted and failed to intervene as he watched Defendant Castro brutalize Plaintiff.

13. As a result of Defendants conduct, Plaintiff suffered a fractured left shoulder broken distally at the clavicle, bilateral hand pain, bilateral shoulder pain, bilateral knee pain, bilateral hip pain, head pain, and a chipped tooth.

14. Plaintiff also suffered extreme psychological distress and injury as a result of this ordeal. Plaintiff suffered and still suffers from symptoms including but not limited to fear, trauma, anxiety, stress, depression, humiliation, and emotional distress as a result of the incident.

15. During the incident, the Officers worked together as a group to back each other up, provide tacit approval for the incident, and support, assist, and encourage one another's actions.

16. Each of the Officers failed to intervene or prevent harm when his or her colleagues were depriving Plaintiff of his constitutional rights as stated in this Complaint.

17. By failing to intervene, each of the Officers additionally violated Plaintiff's constitutional rights.

18. At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Plaintiff's rights, negligent, and objectively unreasonable.

## DAMAGES

19. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiff was physically, mentally, emotionally and financially injured, and damaged as a proximate result of Defendants' reprehensible conduct.

20. Plaintiff found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that Plaintiff is the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

## FIRST CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Violation of the Fourth Amendment of the United States Constitution-Unlawful Detention)
### (Against Defendants United States, Cooper, Castro, and DOES 1-10)

21. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 20 of this Complaint.

22. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants' lacked the requisite reasonable suspicion to detain Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Violation of the Fourth Amendment of the United States Constitution-Unlawful Seizure)
### (Against Defendants United States, Cooper, Castro, and DOES 1-10)

23. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 22 of this Complaint.

24. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants' lacked the requisite probable cause to arrest Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Violation of the Fourth Amendment of the United States Constitution - Excessive Force)
### (Against Defendants United States, Cooper, Castro, and DOES 1-10)

25. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 24 of this Complaint.

26. 42 U.S.C. § 1983 provides in part "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

27. Plaintiff had firmly established rights under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive force being used against them.

28. Defendants' actions as described herein resulted in the deprivation of these constitutional rights.

29. Defendants, acting in the performance of their official duties, used excessive force against Plaintiffs.

30. Plaintiff posed no threat to the Defendant Officers when he was brutalized.

31. In using excessive force, the Defendant Officers were acting in accordance with widespread informal practices and customs maintained by the City and Bakersfield Police Department.

32. Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that the use of force in these circumstances was illegal under clearly established law.

33. The conduct alleged herein caused Plaintiffs to be deprived of their civil rights that are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiffs to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

34. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiffs' constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(Violation of 42. U.S.C. section 12132)**
**(Americans with Disabilities Act)**
**(Against Defendants United States, Cooper, Castro, and DOES 1-10)**

35. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 47 of this complaint.

36. As against Defendants Cooper, Castro, and DOES 1-10, for failing to recognize symptoms of disability under title II of the Americans with Disabilities Act; and excluding qualified individuals such as Plaintiff from participation in or denial of benefits of services provided by the Veterans Affairs, or in otherwise discriminating against such qualified individuals with symptoms of disability recognized under title II of the Americans with Disabilities act, resulting in the excessive force used during the course of the subject-incident.

37. At the time Defendant Deputy PLILER responded to Plaintiff DOZIER'S residence, Defendant Officer PLILER was faced with no reasonable exigency when he made entry into Plaintiff DOZIER'S residence. Said Defendant had no information, and no reasonable belief, that anyone other

than Mr. Ward was present inside the residence, and was aware of Plaintiff's disability and the symptoms and manifestations of Mr. Ward's recognized disability. The aforementioned conduct of Defendant Deputy PLILER, and or DOES 1-10, excluded Mr. Ward from participation in, denied Mr. Ward the benefits of Defendant COUNTY OF CONTRA COSTA'S programs and activities, and/ or discriminated against Mr. Ward.

38.  The exclusion, denial of benefits, and/or discrimination against Mr. Ward was by reason of Mr. Ward's recognized disability.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(Violation of California Civil Code § 52.1)**
**(Against Defendants United States, Cooper, Castro, and DOES 1-10)**

39.  Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 48 of this Complaint.

40.  Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiffs' peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code section 52.1.

41.  As a direct and proximate result of Defendants' violation of Civil Code § 52.1, Plaintiffs were deprived their constitutional rights, and suffered damages as set forth herein.

42.  Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code § 52.1(h).

43.  Plaintiffs are entitled to treble damages, but in no case less than $4,000.00 and an award of their reasonable attorney's fees pursuant to Civil Code § 52(a).

44.  Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
**(Battery)**
**(Against Defendants United States, Cooper, Castro, and DOES 1-10)**

45. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 54 of this Complaint.

46. Defendants touched Plaintiffs with the intent to harm them.

47. Plaintiffs did not consent to the touching and were harmed by it.

48. A reasonable person in Plaintiffs' position would have been offended by the touching.

49. Defendants' conduct caused Plaintiffs to suffer physical injuries, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

50. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiffs' constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Against Defendants United States, Cooper, Castro, and DOES 1-10)**

51. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 61 of this Complaint.

52. Defendants' conduct as described herein was outrageous.

53. Defendants intended to cause Plaintiffs emotional distress.

54. Defendants acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress.

55. Plaintiffs suffered severe emotional distress from Defendants' conduct.

56. Defendants' conduct as described herein was a substantial factor in causing Plaintiffs' severe emotional distress.

57. Defendants' conduct caused Plaintiffs to suffer physical injuries, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

58. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiffs' constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### EIGHT CAUSE OF ACTION
### (Negligence)
### (Against Defendants United States, Cooper, Castro, and DOES 1-10)

59. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 70 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

60. Defendants acted negligently in their use of force against Plaintiffs and in their conduct committed against Plaintiffs.

61. Plaintiffs were harmed and Defendants' negligence was a substantial factor in causing their harm.

62. Defendants' conduct caused Plaintiffs to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### JURY DEMAND

63. Plaintiff hereby demands a jury trial in this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof as to Defendants Cooper, Castro, and DOES 1-10;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For any and all statutory damages allowed by law;
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

Dated: December 16, 2020                    **Law Offices of John L. Burris**

                                                                  /s/ *John L. Burris*
                                                                    John L. Burris Esq.,
                                                                    Attorney for Plaintiff